IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


EVERETT LAMAR SAMPSON, SR.,

    Plaintiff,

vs.                                                                                        CIV. No. 06-177 JB/ACT

BADGIRLS BAILBONDS, DELORES
THEODOSIA, and NEIL NIELSON,

    Defendants.


## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on the Defendants BadGirls BailBonds' and Delores Theodosia's Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. No. 10]. Because Plaintiff is proceeding *pro se*, the Court allowed Plaintiff additional time to obtain an attorney and respond to the Motion. [Doc. No. 17]. Plaintiff was unable to find an attorney to represent him but nonetheless filed a Response. [Doc. No. 18]. In this civil rights action, the presiding judge asked the Magistrate Judge to make findings and a recommend an ultimate disposition of this case. [Doc. No. 6].

Plaintiff brought his claims for his civil rights violations under 42 U.S.C. § 1983. An examination of the allegations of the Complaint reveals that the Defendants, the two bailbondpersons and the BadGirls BailBonds company, were private actors who did not act in

conjunction with any state agents and thus did not act under color of state law. For this reason, the Court finds that the Complaint fails to state claim under 42 U.S.C. § 1983 and recommends that the Defendants' Motion to Dismiss be GRANTED and that the Complaint be dismissed without prejudice.

### THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The standards of review for a motion to dismiss for failure to state a claim are well established. When reviewing a complaint for failure to state a claim upon which relief can be granted,, the Court accepts as true all the well-pleaded factual allegations and views the allegations in the light most favorable to the Plaintiff. Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). In addition, because Plaintiff is proceeding *pro se*, his pleadings must be construed liberally and held to a less stringent standard than would pleadings drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

"A 12 (b)(6) motion should not be granted 'unless if appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" David v. City and County of Denver, 101 F.3d 1334, 1352 (10th Cir. 1996), cert. denied, 522 U.S. 858 (1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The question is not whether the plaintiff will ultimately prevail, but whether the allegations entitle plaintiff to offer evidence to support his claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The Complaint alleges the following: On March 3, 2005, the two individual Defendants Delores Theodosia and Neil Nielson, agents of Defendant BadGirls BailBonds, knocked at

Plaintiff's front door. Plaintiff and his girlfriend were asleep and not dressed to come to the door. Before Plaintiff could get dressed and answer the knock, the Defendant bondsman Nielson, kicked in the front door, pointed a gun at Plaintiff (who was in the living room approaching the front door) and forced him to the floor, handcuffing him. "This entry of the residence was pursued ... without any legal documents in hand or legal Law Enforcement present with him at any time." [Complaint, Doc. No. 1].

Plaintiff states that his girlfriend Geraldine Begaye was still in the bed when Nielson kicked in the bedroom door. Nielson then handcuffed her and told her to get dressed with the handcuffs on. Plaintiff admits that Ms. Begaye had outstanding warrants at this time and that she had used BadGirls BailBonds as her bonding company but states that she was not using his residence as her home address.

Plaintiff further states that Defendant Theodosia was waiting at the back door during this time for Defendant Nielson to unlock the door and allow her to enter. Plaintiff states that Defendant Nielson told him to go outside and sit on the front steps. Plaintiff states that Defendant Nielson threatened to shoot Plaintiff if he ran. Defendant Nielson also threatened to seize items in the house. When Plaintiff asked Defendant Theodosia, his personal bailbond agent, why the two bailbondpersons had come into his home, Defendant Theodosia told him that Ms. Begaye had failed to appear on her bond and there were warrants for her arrest. When Plaintiff asked Defendant Theodosia why he was being handcuffed, Defendant Theodosia told him to shut up.

Both Plaintiff and Ms. Begaye were put into Defendant Nielson's vehicle, driven first to the Lee Acres Sheriff's Substation where Ms. Begaye was turned over to the Sheriff, and then to the San Juan County Detention Center where Plaintiff was processed. Plaintiff states that

Defendant Nielson went in to the talk to the Judge about having Plaintiff's bond revoked "without any new charges or any legal probable cause to justify my warrantless arrest." [Complaint, Doc. No. 1]. Apparently his bond was revoked because Plaintiff further alleges that "my bond was never reinstated so that I cause not withdraw my plea." (sic). Id.

Title 42 U.S.C. § 1983 creates a remedy for plaintiffs deprived of rights secured by the United States Constitution if the actor allegedly causing the deprivation acted under color of state laws. Private conduct, no matter how wrongful, is not actionable under this statute. Green v. Abony Bail Bond, 316 F. Supp.2d 1254 (M.D. Fla. 2004).

The Plaintiff has alleged that he was deprived of rights secured by the Fourth Amendment to be secure in his home against unreasonable searches and seizures. The question that must then be answered is whether the conduct alleged to have caused this deprivation is fairly attributable to the State. Lugar v. Edmondson Oil Company, 457 U.S. 922, 937 (1982). This inquiry has two parts: 1) the deprivation must be caused by the exercise of some right or privilege created by the State; and 2) the party charged with the deprivation must fairly be said to be a state actor. The fact that bail bonding companies and their agents are regulated and licensed by state statutes (e.g., in New Mexico by NMSA 59A-5-1 et. al (2005 Supp.)) has led courts to conclude that the bail bonding companies and their agents who are alleged to have caused some deprivation of the arrestee's or plaintiff's rights under 42 U.S.C. § 1983, were exercising a right or privilege created by the state. See, e.g, Weaver v. James Bonding Company, ___ F. Supp.2d ___ (S.D.Ala. 2006), 2006 WL 2135713; Green v. Abony Bail Bond, supra. Thus, the first part of the inquiry has led courts in similar fact situations to conclude that if the alleged deprivation did take place, that the deprivation was caused by the exercise of a right or privilege created by the state.

However, when the courts have examined the second part of the inquiry - whether the bailbond agent could be fairly said to be a state actor - the courts have uniformly held that when bailbond agents acted without the assistance of law enforcement officials, the agents were acting privately and could not be considered to be state actors. <u>Weaver v. James Bonding, Company</u>, <u>supra</u>; <u>Green v. Abony Bail Bond</u>, <u>supra</u>; <u>McCoy v. Johnson</u>, 176 F.R.D. 676 (N.D. Ga. 1997). A party may be fairly said to be a state actor if: 1) he is a state official; or 2) he acted together with or obtained significant aid from state officials, or 3) his conduct was otherwise chargeable to the State. <u>Lugar v. Edmondson</u>, <u>supra,</u> at 2754. Bailbond agents are private citizens, not state officials. As private citizens, their conduct, even if wrongful, cannot be charged to the State. Thus, unless they act with or receive significant aid from state officials, bailbond agents cannot be said to be state actors. Bailbond agents who act privately without the help or coordination of state law enforcement officials, as in this case, are not acting under color of state law.

The Court finds that the Complaint fails to allege that the Defendants were acting under color of state law, as state actors, when they allegedly deprived Plaintiff of rights secured by the Constitution of the United States. The Court finds the Complaint fails to state a claim pursuant to 42 U.S.C. § 1983.

## RECOMMENDATION

The Court recommends that the Defendants' Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted be GRANTED.

NOTIFICATION

THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1). A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

                                               ALAN C. TORGERSON
                                               UNITED STATES MAGISTRATE JUDGE